(90 App. Div. 548.)

TOWN OF PALATINE et al. v. CANAJOHARIE WATER SUPPLY CO. et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. DEMURRER—MISJOINDER OF PARTIES PLAINTIFF—INSTRUCTION.
   Where defendants demurred to the complaint, and alleged as ground thereof that there was a misjoinder of parties plaintiff, and that neither of certain persons named should have been a party plaintiff, and that neither one had any capacity to sue, such demurrer should be construed as a demurrer on the ground of misjoinder of parties only, and therefore was not defective for failure to point out the particular defect relied on, as required by Code Civ. Proc. § 490.

2. PURCHASE—CONTROL—COMMISSIONERS OF HIGHWAY—AUTHORITY—STATUTES.
   Laws 1859, p. 359, c. 143, as amended by Laws 1889, p. 7, c. 7, provided that thereafter the free bridge over the Mohawk river between the towns of C. & P. should be "under the control and direction" of the commis-

sioners of highways of said towns. Held, that the words "control and direction," as so used, did not give the commissioners of highways any greater powers than those generally conferred on highway commissioners by highway law (Laws 1890, p. 1177, c. 568), declaring that such commissioners shall have the care and superintendence of the highways and bridges in their respective towns, etc.

3. SAME—INJURIES TO BRIDGE—ACTIONS—PARTIES ENTITLED TO SUE.

Town Law, § 182 (Laws 1890, p. 1237, c. 569), provides that actions for the benefit of a town, including an action to recover for injury to property or rights of a town, shall be in the name of the town; and Highway Law, § 15, p. 1181, provides that commissioners of highways may bring an action in the name of a town against any person or corporation to sustain the rights of the public in and to any highway of the town. Held that, though highway commissioners of certain towns were given the control and direction of a bridge between the towns, an action for injuries thereto must be brought in the names of the towns, and not in the names of their highway commissioners.

Smith and Houghton, JJ., dissenting.

Appeal from Special Term, Montgomery County.

Action by the town of Palatine and others against the Canajoharie Water Supply Company and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

The cause of action stated in the complaint is one to restrain the defendants from unlawfully laying water pipes upon and over a highway bridge across the Mohawk river, which is the boundary line between the towns of Palatine and Canajoharie, and for damages to said bridge and its approaches by reason of laying said pipes thereon. There were joined as plaintiffs each of said towns and the commissioners of highways of such towns. It is alleged in the complaint that "the plaintiffs' commissioners are given control of said bridge and the approaches thereto by virtue of chapter 7, p. 7, Laws 1889." The demurrer interposed is as follows: "The defendants demur to the complaint of the plaintiffs herein, and allege as the ground of their demurrer that there is a misjoinder of parties plaintiff; that neither Henry C. Miller, as commissioner of highways of the town of Canajoharie, Montgomery county, N. Y., John H. Van Wie, Adam A. Saltsman, or Charles Bauder, as commissioners of highways of the town of Palatine, Montgomery county, N. Y., should have been a party plaintiff; neither one has any legal capacity to sue." From the judgment overruling this demurrer the defendants have appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Andrew J. Nellis, for appellants.
Henry V. Vorst, for respondents.

CHESTER, J. If the demurrer herein is to be regarded as one upon two grounds, viz.: First, that there is a misjoinder of parties plaintiff; and, second, that the plaintiffs who are commissioners of highways have not legal capacity to sue—it is evident that the demurrer was properly overruled, because the Code requires that a demurrer on either of these grounds "must point out specifically the particular defect relied upon" (Code Civ. Proc. § 490), and that has not been done in this demurrer, unless the statement as to the first ground, that neither of the commissioners should have been a party, amounts to a compliance with that requirement.

The appellants insist, however, that there is but one ground of demurrer alleged, and that is a misjoinder of parties plaintiff, and that the demurrer specifically points out the particular defect relied upon

where it states that neither of the commissioners named should have
been a party plaintiff, as·neither of them has any legal capacity to sue;·
that is, as is claimed, no legal capacity to sue for the cause of action
stated in this complaint. Viewed in that light, it would appear that
there has been a sufficient compliance with the provision requiring the
defect relied upon to be pointed out to raise the question of a misjoinder
of parties plaintiff. The defect is that under the law these commission-
ers have no right to sue in their names as commissioners for the cause
of action stated in the complaint, and therefore they should not have
been joined with their respective towns as plaintiffs, and that, having
been so joined, there is a misjoinder of parties plaintiff. When the
allegation of want of capacity is regarded as a reason for the mis-
joinder, and not as a separate ground of demurrer, the pleading as a
whole is sufficiently specific, we think, in pointing out the particular
defect relied upon, to require us to consider the question of misjoinder
on its merits.

It is alleged in the complaint that the plaintiffs' commissioners are
given control of the bridge in question and the approaches thereto by
virtue of Laws 1889, p. 7, c. 7. That act was an amendment to Laws
1867, p. 534, c. 280, and the last-named act was one to amend Laws
1859, p. 359, c. 143, entitled "An act for a free bridge over the Mohawk
river." The amendment of 1889 provided that "hereafter the said
free bridge and the approaches thereto shall be under the control and
direction of the commissioners of highways·of the towns of Cana-
joharie and Palatine, * * * and the costs and expenses of main-
taining said bridge and approaches and keeping the same in repair
shall be borne equally by said towns of Canajoharie and Palatine.".
Prior to that amendment, as a reference to the legislation referred to
shows, the bridge had been in control of the trustees of the villages of
Canajoharie and Palatine Bridge. The former village is at one end
of the bridge, in the town of Canajoharie, and the latter village is at
the other end of the bridge, in the town of Palatine. Prior to· the
amendment, as well as afterwards, the expenses of maintaining the
bridge and approaches and keeping the same in repair were borne by
the towns of Palatine and Canajoharie. It is clear that the only pur-
pose and effect of the amendment of 1889 was to take the control of
the bridge in question from the trustees of the two villages, respectively,
and to place such control in the commissioners of highways of the re-
spective towns of Canajoharie and Palatine. The bridge formed a
part of the highway between these two towns.

Among the general powers of highway commissioners in towns un-
der the highway law (Laws 1890, p. 1177, c. 568) is "to have the care
and superintendence of the highways and bridges therein" (section 4,
p. 1178). That law also provides that "when such bridges are con-
structed over streams or other waters forming the boundary line of
towns, either in the same or adjoining counties, such towns shall be
jointly liable to pay such expenses." (Section 130, page 1201.) The
words "control and direction" in the amendment of 1889 to the local
law have, I think, no broader significance with reference to the duties
and. powers of the commissioners of highways of the two towns in
question than have the words "care and superintendence" in the high-

way law with reference to the duties and powers of commissioners of highways in the towns of the state. In either case the commissioners of highways are officers or agents of the towns, charged with the duties and clothed with the power specified under these laws, and the commissioners, who are plaintiffs, were vested by the amendment of 1889 to the local law only with like powers and duties as were conferred by the general law upon commissioners of highways with respect to highways and bridges in towns. The bridge in question was maintained by the two towns at their joint expense, and the plaintiff commissioners, as officers of these towns, respectively, were simply their agents under the law in the control and direction thereof, and any suit which they were required to bring with relation to an encroachment upon the bridge should, therefore, be brought in the same way as any suit in relation to highways under the care and superintendence of commissioners of highways.

A town is now a municipal corporation (Town Laws, Laws 1890, p. 1211, c. 569), and the town law (section 182, p. 1237) provides that actions or special proceedings for the benefit of a town, including an action to recover damages for injury to the property or rights of a town, shall be in the name of the town. More than this, the highway law in section 15, page 1181, in relation to actions for injuries to highways, provides that "the commissioners of highways may bring an action in the name of the town against any person or corporation to sustain the rights of the public in and to any highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto."

Regardless of what the law formerly was, which permitted commissioners of highways to prosecute certain actions in their own name of office, the cause of action stated in this complaint can, as the law now stands, only be prosecuted by the commissioners of highways in the name of the towns of which they are officers. That an action to recover damages for the destruction of a bridge was properly brought in the name of the town was decided by this court in Town of Fort Covington v. U. S. & C. R. R. Co., 8 App. Div. 223, 40 N. Y. Supp. 313, and which decision was affirmed in the Court of Appeals (156 N. Y. 702, 51 N. E. 1094).

The judgment overruling the demurrer should be reversed, with costs, and the demurrer sustained, with costs. All concur, except SMITH and HOUGHTON, JJ., who dissent.